## 9540

### PARISH v. TOWN OF YORKVILLE.

#### (90 S. E. 185.)

WATER AND WATERCOURSES — POLLUTION — ESTOPPEL TO CLAIM DAMAGES.—Plaintiff sued for pollution of a stream by emptying therein sewage of defendant town, which claimed the right under an alleged parol license from plaintiff, who claimed that the right granted was to carry sewage through pipes on her land, and revoked the license when she knew sewage was emptied into the stream. *Held* that, the town having been put to no additional expense or misled to its prejudice, plaintiff was not estopped to recover damages.

Before RICE, J., York, January, 1916. Affirmed.

Action by Laura E. Parish against the Town of Yorkville. Judgment for plaintiff, and defendant appeals.

. *Mr. W. W. Lewis,* for appellant, cites: *As to burden of proof:* 46 Am. St. Rep. 49. *Estoppel:* 33 S. C. 178.

*License revocable:* 12 Me. 222; 53 Me. 506; 43 Mass. 520; 60 Mass. 154. *License coupled with an interest:* 23 S. C. 16.

*Messrs. Marion & Marion* and *Thos. F. McDow,* for respondent, cite: 96 S. C. 24. *Plaintiff's rights as lower riparian owner violated:* Wood, Nuisances, secs. 427, 579; 81 Am. St. Rep. 732; 122 Mass. 583; 46 Am. St. Rep. 51. *Parol license revokable:* 54 S. C. 432; 25 Cyc. 645, 647; 23 S. C. 19; 11 Rich. 471; 5 Strob. L. 36; 2 Hill L. 534. *Burden of proof:* 81 Am. St. Rep. 732; Lawson Presumptive Evidence 340.

October 12, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This action was brought to determine plaintiff's right to compensation for the pollution of the waters of a branch that flowed through her lands by emptying sewage of the town into it a short distance above her line.

Defendant denied her right to compensation on two grounds: (1) That she has not been injured; (2) that she is estopped by her parol license to the town to so use the branch. The referee and Circuit Judge found against both contentions. The first involves only questions of fact and we think the preponderance of the evidence is with the plaintiff. Its review in detail would subserve no useful purpose.

On the second issue, the mayor of the town testified that he saw plaintiff and obtained from her verbal permission to empty one of the lines of sewage into the branch. She admitted the conversation with the mayor, but said she understood that he only wanted to run a sewer ditch through her land in which she thought the sewage would be conveyed through pipes. The Court below found against her as to

that, but nevertheless concluded that, as she objected as soon as she ascertained that the sewage was being emptied into the branch, and, as the town had incurred no additional expense by reason of the license before it was revoked, it was revocable, and, having been revoked, she was not estopped by it. We think the preponderance of the testimony sustains the finding that the town incurred no additional expense by reason of the license having been given, and that it was not misled by it to its prejudice, and therefore we agree with the Court below that the license did not estop the plaintiff.

The errors assigned by the exceptions did not affect the decision, and are therefore immaterial.

Judgment affirmed.

MR. JUSTICE GAGE did not participate in the consideration of this case.